**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Francis GAUDIN, Defendant-
Appellant.**

No. 73-3242.

United States Court of Appeals,
Fifth Circuit.

April 4, 1974.

———◆———

Thomas J. Baumler, Jr., New Orleans, La., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before ALDRICH, Senior Circuit Judge,* BELL and GEE, Circuit Judges.

PER CURIAM:

Defendant Gaudin claims that evidence upon which he was convicted of unlawfully passing and of possessing with intent to defraud counterfeit obligations of the United States was the product of an unreasonable search. He was taken into custody after passing two counterfeit bills at a shopping center in Sandy Springs, Georgia, a suburb of Atlanta. A later search of his automobile produced many others. It is of this search which he complains, asserting that an erroneous refusal of the court below to suppress its fruits should be held to vitiate not only his conviction on the possession count but, since without the fruits little evidence of scienter remained, the passing conviction as well. We affirm.

Gaudin told the arresting officer that he had been driven to town by his wife earlier in the day and had later gone to the center by bus. A call to his home telephone number, however, produced information from a female identifying herself as Mrs. Gaudin that he had left alone, that the red Toyota which he normally drove was not in sight, and that she did not know how he got to town. A Louisiana driver's license and a key chain, with General Motors keys and a miniature license tag had been found on Gaudin's person in a custodial search. Subsequently observing a Buick with Louisiana plates among the three or four cars left on the lot as night drew on, officers obtained the keys and approached the car, observing currency—later found genuine—in view on the car floor. The automobile license was within one digit of the number on the miniature tag found on Gaudin. The season was Christmas, the hour was late, and the officers attempted to reach first the Assistant United States Attorney and then their supervisor without success. Suspecting the car contained evidence and apprehensive that it might be driven away, they entered the trunk by means of the keys found on Gaudin but

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

found nothing incriminating. They then entered the car itself by means of the keys and, though the visible bills were genuine, in the glove compartment and under the carpet they struck gold, as it were.

The circumstances were exigent, and the search was not unreasonable. Gaudin had just been apprehended passing counterfeit money, the keys found on his person connected him with the car, currency was in view inside the car, and his wife was at large. Carlton v. Estelle, 480 F.2d 759 (5th Cir. 1973). Seizure of the automobile was justified in these circumstances, and its search was not a significant further intrusion. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Affirmed.